(No. 31728.—

LYDIA CARRICO *et al.,* Appellants, *vs.* GERTRUDE BARKER *et al.,* Appellees.

*Opinion filed January 18, 1951.*

HARVEY D. TRIMBLE, and WILSON, WILSON & RAINEY, both of Princeton, for appellants.

JOHN W. NAFFZIGER, CAREY R. JOHNSON, and JOSEPH R. PETERSON, all of Princeton, for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

James Carrico died on June 19, 1925, leaving a widow and nine children. At the time of his death he owned a 160-acre farm situated in Bureau County. His will, which was admitted to probate in the county court of that county on September 28, 1925, provided as follows:

"I, the undersigned, JAMES CARRICO, being of sound mind, do make this as my Last Will:

"FIRST: I will that all my just debts be paid.

"SECOND: All the rest, residue and remainder of my estate, whatever kind and wherever situated, I give and bequeath to my beloved Wife LYDIA CARRICO, as her own property absolutely.

"THIRD: I hereby appoint my said wife and my son WILLIAM F. CARRICO, and the survivor of them, as sole executors of this Will, and it is my will that they shall not be required to file any inventory of my estate or to give any appraisement thereof, or to file any account of their acts or doings in any Court.

"FOURTH: It is my hope that my wife will send our boy ALDEN CARRICO to a State Institution where excellent care is provided for such unfortunates as he. It is my solemn belief that doing so is for his best interest, as well as for the best interest of all my family. Any property left after the death of my wife Lydia Carrico to be dided [*sic*] equally, share and share alike between my children.

"I hereby revoke all other wills made by me."

It is not disputed that the word "dided," appearing in the fourth clause of the will, was meant and used as "divided," and should be so read.

On February 3, 1950, the widow and two of testator's children brought this suit in the circuit court of Bureau County against the remaining children and the widow and children of a deceased child, seeking a construction of the will. The complaint alleges that the widow had entered into a contract to sell the farm in question; that the purchaser has refused to accept title because of uncertainty and ambiguity in the will; that defendants claim an interest in the real estate by way of remainder or otherwise; and

that the true intent and effect of the will was to vest absolute title to all of testator's property in the widow. The trial court sustained a motion to strike the complaint, holding that the will devised only a life estate to the widow. In the meantime the latter had died, and the executor of her will was substituted as plaintiff in her stead. From the decree striking the complaint the plaintiffs appeal directly to this court, a freehold being involved.

By the second clause of his will testator indicated an explicit intention to devise all his property to his wife, without any qualification. The use of the words "as her own property absolutely" leaves little that could be added to make such intention more clear and unambiguous. In the fourth clause, however, he states that any property left after her death to be divided between his children, thus creating an apparent contradiction. Defendants contend the latter provision, being the last expression of testator's intention, must be construed as modifying the disposition made in the second clause. Plaintiffs argue, on the other hand, that its phraseology and position in the will show that it was intended merely as advice to the wife, of the same general character as that contained in the two preceding sentences, and was not intended to cut down the gift to her made in the second clause.

Despite the contradiction between the two provisions when read alone, we think a consideration of the will as a whole discloses an intention to devise a fee to the widow, with the directions as to a division after her death intended as mere advice or expressions as to the disposition testator would like her to make of the property upon her death. The structure of the will indicates that he possessed some proficiency in the art of composition, and, except for the provision in question, each paragraph is clearly confined to its appropriate subject matter. Thus the first refers to payment of his debts, the second deals with the disposition of his property, the third appoints executors and relieves them

of certain duties as such; and the fourth, except for the last sentence, is obviously devoted to precatory expressions of hope and desire as to matters which his widow could take care of after his death. It is unlikely that a testator familiar with this logical method of drafting a will would fail to include provisions he intended as dispository in the paragraph dealing with the disposition of his property.

Moreover, it is a settled rule of will construction that in order to modify a former provision devising a fee, language purporting to create the limitation must be as clear as that of the first clause creating the estate. Here the testator, in directing that his wife was to have his estate as her own property absolutely, used the dispositive words "I give and bequeath." Comparable language, however, is not employed in the provision claimed to create a remainder in his children. It merely states that any property left after her death "to be" divided equally between the children. Where a widow is expressly devised and bequeathed property "absolutely" and testator then adds a subsequent provision, specifying others to whom the property should go upon her death but failing to contain dispositive words of a clarity similar to that of the words in the first provision, an intention may be inferred that the latter provision was used merely to express a wish concerning the future disposition of the property by the widow and not to substitute a life estate for the fee previously given. See *Edgar County Children's Home* v. *Beltranena,* 402 Ill. 385.

This conclusion is further supported by the policy of our law that if possible a will must be construed as giving an estate of inheritance to the first devisee, unless other limiting or qualifying language used shows clearly and unequivocally that it was the intention of the testator to limit or qualify the estate granted. We think the language used in the fourth clause of the present will, when compared with that of the second clause, is not of such a clear and unequivocal character.

Although it does not appear of record, both defendants and plaintiffs state in their briefs that the sentence upon which defendants rely was written in ink whereas the balance of the will was typewritten. We cannot agree with defendants, however, that this fact signifies testator intended thereby to change the disposition made in the second paragraph. While the provision relating to a division of the remaining property on the death of the widow, being written in ink, was doubtless added after the rest of the will had been prepared, this does not render more likely an intention that it was to change the estate already given to the wife. As we have observed, the fact that it was written in the paragraph concerned with precatory expressions of hope and belief indicates that it was intended to be merely additional advice of the same character.

Defendants cite numerous cases in which the subsequent clause or sentence has been construed to limit to a life estate a disposition made by previously unqualified language which, if standing alone, would be sufficient to devise a fee simple to the wife. We do not think any useful purpose would be served by a discussion of these authorities, however. Because of variations in the language used in different wills, cases construing one will are usually not controlling precedents in the construction of another will. Even the same or similar words, when used under different circumstances or in different context, frequently express different intentions. None of the decisions cited requires a conclusion in this case that testator did not intend to devise a fee simple to his wife.

We conclude that the circuit court erred in finding that the will devised only a life estate to the widow. Its decree dismissing the complaint is, therefore, reversed, and the cause is remanded with directions to deny defendants' motion to dismiss.

*Reversed and remanded, with directions.*