(No. 32177.—

LYDIA CARRICO *et al.,* Appellees, *vs.* GERTRUDE BARKER *et al.,* Appellants.

*Opinion filed January 24, 1952.*

JOHN W. NAFFZIGER, and JOSEPH R. PETERSON, both of Princeton, for appellants.

HARVEY D. TRIMBLE, and WILSON, WILSON & RAINEY, both of Princeton, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Lydia Carrico and others filed their complaint in the circuit court of Bureau County, seeking a construction of the will of James Carrico. On defendants' motion a decree was entered dismissing the complaint and plaintiffs ap-

pealed to this court. The decree was reversed and the cause remanded, with directions to deny defendants' motion to dismiss. (*Carrico* v. *Barker,* 408 Ill. 182.) After the cause was redocketed in the trial court, defendants answered and plaintiffs filed their motion to strike portions of the answer and for the entry of a decree construing the will in accordance with the prayer of the complaint. The motion was granted and from the resulting decree defendants now appeal. A freehold is involved.

The single question presented is whether the will of James Carrico devised to his widow, Lydia Carrico, absolute title to all of his property, or only a life estate therein. The will is set forth in full in our former opinion (408 Ill. 182,) and its provisions need not be repeated here. Considering the allegations of the complaint as admitted by the motion to strike when the case was here before, we then held that under the will the widow took absolute title to her deceased husband's property. We must now determine whether the answer of the defendants alleged facts which, if proved, would alter that conclusion.

Defendants' answer admitted the allegations of all but three of the paragraphs of the complaint. Paragraph 5 of the complaint, the allegations of which are denied by the answer, alleged that "the true legal intent and effect" of the will was to vest title to all of the testator's personal property absolutely, and to all of his real estate in fee simple, in his widow, subject only to the payment of his debts. The allegation is a statement of the legal conclusion which plaintiff asks the court to draw from the facts alleged. Defendants' denial of the allegations of paragraph 5 of the complaint presents no issue for trial.

Paragraph 7 of the complaint alleged that the language of the will claimed by defendants to limit the widow's interest to a life estate was of no legal effect because the whole of the fee to the testator's property was given to the widow by other provisions of the will. It also alleged

that the claims of the defendants and the language of the will rendered the will ambiguous. The answer denied the allegations of paragraph 7. These allegations, like those of paragraph 5, are statements of legal conclusions, and their denial presents no issue to be tried.

Paragraph 8 of the complaint alleged that the widow had entered into a contract to sell real estate which passed under the will but that the purchaser had refused to accept title because of the ambiguity of the will. Defendants' answer asserted their lack of knowledge sufficient to form a belief as to the truth of the allegations of this paragraph. It is clear that paragraph 8 of the complaint was intended only to establish a basis for equitable relief by way of construction of the will. Defendants' admission, elsewhere in their answer, that the will is ambiguous, coupled with the former decision of this court pointing out the ambiguity arising on the face of the will, eliminates any necessity for proof of the allegations of paragraph 8 of the complaint.

In addition to admissions and denials of the allegations of the complaint, defendants' answer contained affirmative allegations which were stricken on plaintiffs' motion. Error is assigned upon these rulings. The answer alleged that when the will was prepared the testator was in his last illness and was unable to attend to his own affairs; that he requested one of his sons to attend to the preparation of his will; that the son did so, and returned with a typewritten document which was not in accord with the testator's desires and that, in order to make the document express his intention, the following words were added in ink to the fourth paragraph: "Any property left after the death of my wife, Lydia Carrico, to be dided [sic] equally, share and share alike between my children," and that, after this change was made, the testator executed the will. The answer also alleged that the testator was aware of the limited business ability of his wife, and that he would have formulated a more coherent instrument setting forth

the provisions he had in mind had it not been for his feeble condition.

The circumstance that the clause relied upon to limit the widow's interest to a life estate was added in ink after the balance of the will had been prepared was considered in our former opinion. We there said: "Although it does not appear of record, both defendants and plaintiffs state in their briefs that the sentence upon which defendants rely was written in ink whereas the balance of the will was typewritten. We cannot agree with defendants, however, that this fact signifies testator intended thereby to change the disposition made in the second paragraph. While the provision relating to a division of the remaining property on the death of the widow, being written in ink, was doubtless added after the rest of the will had been prepared, this does not render more likely an intention that it was to change the estate already given to the wife. As we have observed, the fact that it was written in the paragraph concerned with precatory expressions of hope and belief indicates that it was intended to be merely additional advice of the same character."

Our former decision did not rest solely upon the position of the added clause among the precatory expressions of the will. It also emphasized the clarity of the provision devising a fee to the widow and contrasted the language there used with the equivocal character of the clause relied upon to cut her interest down to a life estate. What was there said need not be repeated or amplified. Taking the allegations of the answer as true, they fail to set forth facts sufficient to overcome the construction which we have held to follow from the language of the will itself. The action of the circuit court in striking these allegations and in entering its decree construing the will was correct, and its decree is affirmed.

*Decree affirmed.*