(No. 30488.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JACK WILLIAM SHAFFER, Plaintiff in Error.

*Opinion filed May 20, 1948.*

Jack William Shaffer, *pro se.*

George F. Barrett, Attorney General, of Springfield, and William J. Tuohy, State's Attorney, of Chicago, (John T. Gallagher, W. S. Miroslawski, and Melvin S. Rembe, all of Chicago, of counsel,) for the People.

Mr. Justice Fulton delivered the opinion of the court:

Jack William Shaffer, hereinafter called defendant, was indicted in the criminal court of Cook County for murder. The count in the indictment on which he was tried charged that he "then and there unlawfully, feloniously, wilfully and of his malice aforethought did strike, beat, hit, bruise and wound said Letty Joyce Weir, in and upon the head, neck, chest, trunk, abdomen, back, limb and body of the said Letty Joyce Weir with a razor strop, giving to said Letty Joyce Weir divers mortal wounds, cuts, lacerations, fractures, ruptures, bruises, hemorrhages, contusions and concussions in and upon the head, neck, chest, trunk, thorax, abdomen, back, limbs and body of said Letty Joyce Weir, of which said mortal wounds, cuts, lacerations, fractures, ruptures, bruises, hemorrhages, contusions and concussions said Letty Joyce Weir thereafter died on the same tenth day of November in the year of Our Lord, One thousand nine hundred and forty three in said County of Cook, in the State of Illinois aforesaid; * * *."

The court appointed the public defender as counsel for defendant, who moved for an examination of defendant at the Behavior Clinic. Subsequently, the public defender withdrew his appearance and the court appointed other counsel to represent defendant in this proceeding.

Defendant, by his counsel, moved for a sanity hearing, which motion was granted. At this hearing two doctors

testified, and the testimony shows a conflict between these two as to the responses of defendant to questions put to him upon examination. One doctor stated that he believed the defendant was insane and the other would give no opinion on the basis of his examination. The jury at this sanity hearing found that the defendant "was, at the time of the impaneling of this Jury, and is now sane."

Defendant, by his counsel, then moved for a new trial on the question of the defendant's sanity, which motion was granted. Defendant, by his counsel, then withdrew this motion for new trial and by agreement the cause was submitted to the court for trial on a plea of not guilty and the waiver by defendant of a trial by jury. After a full hearing, the court found the defendant guilty and sentenced him to 45 years in the penitentiary at hard labor.

The cause comes to this court on the common-law record which is lacking in many particulars. The only testimony contained in the record is that given at the sanity hearing, but there is nothing presented to this court having to do with the trial of the cause itself. On this record we are unable to determine whether the defense of insanity was pleaded at the trial of the cause.

The defendant contends that: (1) The indictment is insufficient to charge a crime and to advise the accused of the charge he had to meet and does not state the offense in the terms and language of the statute, in violation of the constitution of the State of Illinois and of the United States; (2) the trial, conviction and judgment are erroneous because the court did not ascertain before plea whether or not defendant was insane; and (3) that the court erred in allowing the withdrawal of the petition for sanity hearing after the order granting the hearing. It is apparent that under this contention the defendant is referring to the withdrawal of his motion for a new trial.

In *People* v. *Wood*, 318 Ill. 388, this court was presented with the question of the sufficiency of the indict-

ment, and we held that an indictment will not be held prejudicial where it is sufficient to inform the jury and the defendant of the nature of the charge. In *People* v. *Nelson,* 398 Ill. 623, we stated: "An indictment is sufficient if it is specific enough to notify the defendant of the charge which he has to meet and to enable him to prepare his defense."

Applying this rule of law to the indictment in the instant cause, we fail to see any merit in the defendant's contention. The indictment clearly charged the crime of murder and set forth in great detail the means by which the crime was committed. We hold that, under the language of the indictment herein, the defendant was notified of the charge which he was required to meet and the indictment was sufficient to enable him to prepare his defense.

The defendant next contends that the trial court erred in that it did not ascertain before plea whether or not defendant was insane, and cites in support thereof *People* v. *Maynard,* 347 Ill. 422, and *Dacey* v. *People,* 116 Ill. 555, for the rule of law that where evidence is given to support the defense of insanity, if a reasonable doubt exists, accused is entitled to the benefit of the doubt, and that counsel had no power to dismiss the petition for an insanity hearing to determine the question of the accused's sanity at such time. The difficulty with the position of defendant on this point is that he had already submitted to a jury the question of his sanity, and the jury had found the defendant sane at the time of the hearing. To all intents and purposes at the time of the trial, the defendant was sane and was not precluded from raising the question of his sanity at the time of the commission of the crime as a defense to the charge. There is no showing in this cause that defendant's counsel dismissed a motion for a new trial on the sanity hearing without the consent of the defendant. The record, however, is replete with the showing that the

court fully advised the defendant of his rights. Notwithstanding these admonitions, the defendant waived his right of trial by jury and proceeded to trial by the court. What his actions and defenses were at the trial of the cause this record does not state. We are bound by the record before us and cannot indulge in the realm of possibilities. Without some showing of neglect on the part of defendant's counsel we cannot say, on this record, that the defendant did not have a fair trial with the benefit of all pleadings which could have been made on his behalf.

A somewhat similar situation was presented to this court in *People* v. *Reck,* 392 Ill. 311. We there said, "The defense of insanity at the time of the commission of the crime may, therefore, be urged upon the hearing of the cause, unaffected by the finding of the jury that the defendant was not insane at the time the jury was impaneled. (*People* v. *Bechtel,* 297 Ill. 312.) No report of proceedings indicates what was done by counsel for defendant on the trial but the right existed unaffected by the finding of the jury in the preliminary hearing." In *People* v. *Haupris,* 396 Ill. 208, we stated, "The duty and responsibility of raising the question whether an accused was insane at the time of the trial rests upon him and his counsel." The defendant herein had already been found sane by the jury which had heard the witnesses. There was no prejudice to the defendant by withdrawal of his motion for a new trial to determine his sanity, as we have held it was the duty of the defendant and his counsel to plead the defense of insanity at the trial on the charge of murder.

For the reasons stated herein, we find no error in this proceeding and the judgment of the criminal court of Cook County is, therefore, affirmed.

*Judgment affirmed.*