(No. 31802.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LESTER A. SAMMAN, Plaintiff in Error.

*Opinion filed March 22, 1951.*

LESTER A. SAMMAN, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and BEN ROBINSON, State's Attorney, of Galesburg, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

On November 20, 1931, Lester A. Samman was sentenced by the circuit court of Knox County to serve a penitentiary term of one year to life for the crime of robbery while armed. On January 22, 1949, Samman filed his verified motion or petition in the nature of a writ of error *coram nobis,* pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1949, chap. 110, par. 196,) alleging insanity, which was unknown to the trial court at the time of his conviction and sentence. The State's Attorney filed a motion to dismiss, which was allowed by the trial court, and this writ of error followed.

In his petition Samman alleges that at the time of his conviction and sentence, he was legally incompetent and insane and had been so declared by the superior court of Los Angeles County, California, by a judgment entered in that court on a jury's verdict on January 18, 1931. He attaches to his petition, as exhibit B, a copy of the judgment order of the trial court of Los Angeles County, Cali-

fornia. Pursuant to this judgment order, he was confined in Norwalk State Hospital, at Norwalk, California, from whence he made his escape on August 5, 1931. This judgment of the California court is still in full force and effect.

On November 3, 1931, Samman was indicted for robbery in Knox County, Illinois. Arraignment, the appointment of an attorney to defend, plea of guilty, judgment, and sentence to the penitentiary followed in due course. Neither a plea of insanity nor the prior judgment of the California court was called to the attention of the trial judge. Samman was received at the Illinois State Penitentiary on November 24, 1931, and there came under the supervision of the psychiatric ward of the penitentiary. He remained at Joliet until September 22, 1932, when he was transferred to the Illinois Asylum for Insane Criminals at Menard, Illinois. Attached to his petition, as exhibit C, is the order of transfer and supporting documents. Among the supporting documents is a report of the prison psychiatrist, which shows the following: "Any previous conviction—One term insane asylum, Norwalk, California, one term State Penitentiary, San Quentin, California. Was the patient probably insane when convicted?—Yes." Also, as a part of exhibit C, is an order dated November 15, 1943, signed by the Superinendent of Prisons, transferring Samman back to the Illinois State Penitentiary "in accordance with the findings and recommendation of the Classification Board under the general direction of the State Criminologists."

The truth of the facts set forth in the petition and photostatic copies of the various exhibits is verified by the affidavit of Samman. From these facts, he concludes that the judgment of the California court was still in full force and effect at the time of his conviction and would remain so until superseded by the judgment of a court of equal dignity and jurisdiction finding him sane and restoring him

to his civil rights; that because of his mental condition, these matters were not brought to the attention of the Knox County circuit court at the time of his plea of guilty and subsequent sentence; that had the circuit court known of the California judgment, the plea of guilty would not have been accepted nor the sentence imposed without an appropriate inquiry into his sanity, and, to cure this error, the petition in the nature of a writ of error *coram nobis* lies.

To this petition the State's Attorney filed a motion to dismiss, asserting that the petition did not state a cause of action; that it did not affirmatively show that Samman or his attorney interposed the defense of insanity; that the matters therein presented are *res judicata* by virtue of *habeas corpus* proceedings in the District Court of the United States for the Northern District of Illinois, wherein Samman's petition for a writ of *habeas corpus* was denied and that judgment affirmed by the United States Circuit Court of Appeals for the Seventh Circuit, as reported in 167 Fed. 2d 543, and that the petition fails to assert that at the time of the trial Samman was an insane person without lucid intervals, and contains no allegation that the act or offense was committed while insane. The motion of the State's Attorney was allowed by the trial court, and that order is here for review.

It is now well settled in this State that a motion in the nature of a writ of error *coram nobis* is the filing of a new action, is civil in nature, and is applicable alike to civil as well as criminal proceedings. (*People* v. *Touhy,* 397 Ill. 19; *Schroers* v. *People,* 399 Ill. 428; *People* v. *Rave,* 392 Ill. 435.) The question first presented on this record for determination is whether, taking all of the facts well pleaded in the motion of the plaintiff in error and admitted by the State's Attorney's motion to be true, the plaintiff in error is entitled to any relief authorized by section 72 of the Civil Practice Act. That section provides: "The writ of error coram nobis is hereby abolished, and all errors in

fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice. When the person entitled to make such motion shall be an infant, non compos mentis or under duress, at the time of passing judgment, the time of such disability shall be excluded from the computation of said five years."

As in any civil case, it is incumbent upon the plaintiff in error to allege and prove a right to the relief sought. In this State, the issue of fact may be made, and is usually made, by affidavits in support of the motion and by counter-affidavits denying the facts set up in the motion and affidavits in support thereof, in which case the burden of proof is upon the party making the motion to prove his facts alleged by a preponderance of the evidence. It will be noted that the motion must be made within five years after the rendition of final judgment in the case, unless the person entitled to make the motion is an infant, *non compos mentis,* or under duress at the time the original judgment is passed upon him, in which case the time of such disability is excluded from the computation of said five years. The motion of the State's Attorney in this case raises the issue squarely as to whether or not the plaintiff in error has stated a cause of action in his petition. The original sentence having been imposed in 1931, and this motion having been filed in 1949, it is apparent that the statute itself is a bar to this proceeding unless the plaintiff in error has brought himself within the exclusions of the statute. The petition alleges that at the time of the original sentence, he was legally incompetent and insane and had been so found and declared by the Superior Court of Los Angeles County, California, in January of 1931, and from that time thenceforth he continued without any further legal adjudi-

cation of his sanity. What, then, is the effect of this adjudication by the California court?

Once there is an adjudication of insanity, the presumption arises that that legal status continues until the presumption is destroyed by some evidence of sanity. (*People v. Maynard,* 347 Ill. 422; *People v. Varecha,* 353 Ill. 52; *People ex rel. Wiseman v. Nierstheimer,* 401 Ill. 260.) There are two well recognized qualifications of this rule. One qualification is that the insanity shown to have existed prior to the commission of the act must be of a permanent type or continuing nature. The plaintiff in error's motion is *prima facie* sufficient to establish this fact. A second qualification of the rule is that too long a period of time must not be shown to have elapsed between the proved insanity and the time when it is asserted that such insanity continues. (*Langdon v. People,* 133 Ill. 382; *People v. Maynard,* 347 Ill. 422; *People v. Varecha,* 353 Ill. 52.) We said, however, in *People v. Maynard,* page 429: "Whether the presumption arising out of the adjudication of insanity in the case of plaintiff in error has been overcome was a question of fact requiring evidence, and though there has been a lapse of nearly ten years since he was adjudged insane, which tends to materially weaken that presumption, no authority of which we are advised holds that in the absence of proof of facts, lapse of time is alone sufficient to remove the presumption. Indeed, it is a matter of common knowledge that insanity is often permanent. The evidence on the trial disclosed that plaintiff in error was discharged from the State hospital in 1922 as improved. This, of course, is evidence, as other facts and circumstances affecting the averments of the petition are evidence. Whether it removed the presumption of insanity arising out of the finding of the county court in 1921 could not be determined without a hearing on the petition."

In *People v. Varecha,* 353 Ill. 52, at page 59, in referring to the status of one adjudged to be feeble-minded, we

said: "The obvious purpose of this section is that, once there is a judicial determination by a court vested with the power that a person is feeble-minded, the decree continues in force until it is superseded or set aside in a judicial proceeding." In *People* v. *Nierstheimer*, 401 Ill. 260, the unsworn report of a commission consisting of three physicians appointed at the direction of the court, and the unsworn report of the State criminologist made at the direction of the court were said to be insufficient to supersede a previous county court judgment of feeble-mindedness. We there said, at page 275: "These unsworn reports were insufficient to rescind or otherwise supersede or set aside the decree of the county court." While the petition of plaintiff in error discloses that he was transferred from the Illinois Asylum for Insane Criminals on November 15, 1943, this transfer is purely an administrative order and not the judicial determination required by law to supersede or supplant the prior adjudication of insanity.

The State insists that it is the obligation of the plaintiff in error to affirmatively state that he had not recovered from his alleged condition of insanity for more than five years prior to the filing of his motion, and that the reason for his failure to make such an allegation is that he was unable to prove it. As noted from the authorities heretofore cited, where adjudication of insanity has been established, there is a presumption that insanity continues and that that personal status remains until it is altered or changed by judicial process. Plaintiff in error's motion asserts that no subsequent judicial determination of his sanity was conducted. In our opinion he has by this averment sufficiently put the question of the continuation of his insanity in the case which requires determination by the trial court upon the hearing.

The State's Attorney contends that the issues presented by the motion of plaintiff in error are *res judicata* by virtue of the *habeas corpus* proceeding in the District Court of the

United States. We do not agree with this position. We held, in *People* v. *Nierstheimer*, 401 Ill. 260, that where the contention of the prisoner is that he was *non compos mentis* at the time he entered his pleas, was tried and convicted, and such fact was unknown to the trial court, his remedy is not by way of *habeas corpus* but is by petition in the nature of a writ of error *coram nobis* to the trial court.

The order of the circuit court in dismissing the motion or petition of plaintiff in error is reversed and the cause remanded, with directions to overrule the motion to dismiss and to proceed according to law.

*Reversed and remanded, with directions.*