(No. 32481.—)

THE PEOPLE *ex rel.* Bradley McElhaney, Petitioner, *vs.* BROWNING ROBINSON, Warden, Respondent.

*Opinion filed November 20, 1952.*

BRADLEY MCELHANEY, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, for respondent.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an original petition for a writ of *habeas corpus* by Bradley McElhaney, a prisoner in the State Penitentiary at Menard. The respondent is Browning Robinson, warden of the penitentiary.

On October 25, 1945, petitioner was brought before the bar of the circuit court of Massac County to answer an indictment for burglary and larceny. He had been held in the Massac County jail since October 1, 1945, because of inability to furnish bail. Upon arraignment he pleaded guilty. The court admonished him of the effect and con-

sequences of his plea, but he persisted, and his plea was taken. He was sentenced to the penitentiary in accordance with the statute, which provides a minimum term of one year and a maximum term of life. He is still confined there.

The petitioner alleges that on March 18, 1936, a jury in the county court of Massac County found the petitioner to be insane and to be in need of treatment in the Illinois State Hospital as a lunatic. On the same day an order was entered by the court directing that the petitioner be admitted to, and confined in, the State Hospital at Anna until discharged as provided by law. It is further alleged that soon after his confinement in said hospital, he escaped therefrom, and that at no time subsequent to the adjudication of his insanity has he been judicially restored to his sanity.

The petitioner contends that he was deprived of due process of law because no attorney was appointed to represent him, and as a result he was deprived of his right to a hearing as to whether he had recovered his sanity before accepting his plea of guilty. The trial court was never informed of his insanity adjudication, nor was a hearing held to determine his sanity. The petitioner therefore avers that being legally insane, he was mentally incapable of pleading to the indictment.

The respondent made due return to the writ of *habeas corpus* setting forth that the petitioner was held by virtue of a judgment rendered on the petitioner's plea of guilty to an indictment charging burglary and larceny in the Massac County circuit court on October 25, 1945. The respondent also filed a motion to quash the court's writ of *habeas corpus,* demurred to the petition and prayed judgment quashing the writ and remanding the petitioner to custody of the respondent.

Among the grounds urged by the respondent for judgment is that the petition tenders a question of fact, namely

whether petitioner was in fact incapable of comprehending the nature of his plea of guilty at the time of the entry thereof, which issue of fact is not triable upon this court's original writ of *habeas corpus*.

The respondent by his demurrer to the petition admitted that the petitioner had been adjudged insane prior to the entry of his plea of guilty to the indictment in the Massac County circuit court, and also that he had not before that time, or since, been judicially restored to his sanity.

Once a person has been adjudged insane the presumption arises that the legal status continues until the presumption is destroyed by some evidence of sanity. (*People v. Samman,* 408 Ill. 549; *People v. Maynard,* 347 Ill. 422.) The effect of this presumption is to create an opportunity for the presentation of evidence to meet the *prima facie* case created thereby. If no proof to the contrary is offered, the presumption must prevail. (*Brown v. Brown,* 329 Ill. 198.) Upon filing this petition evidencing his adjudication of disability as an insane person, petitioner made out a *prima facie* case of his insanity. Such a case can be destroyed if it is shown that the insanity existing before the commission of the act was not of a permanent or continuing nature, or that too long a period of time has elapsed between the proved insanity and the time when it is asserted the insanity continues. *People v. Samman,* 408 Ill. 549.

This petitioner, in seeking to prove that he was incapable of comprehending the nature of his act in his plea of guilty, set forth his adjudication as an insane person and an absence of any subsequent adjudication restoring his sanity. By this petition, he presented an issue as to his sanity. (*People v. Maynard,* 347 Ill. 422.) Whether the presumption arising from an adjudication of insanity of the petitioner had been overcome at the time of the entry of the plea of guilty is a question of fact which can only be determined by evidence. It is established that this court will not assume jurisdiction of an original action if it pre-

sents an issue of fact. (*People ex rel. Jones* v. *Robinson,* 409 Ill. 553; *Monroe* v. *Collins,* 393 Ill. 553.) Accordingly, the writ of *habeas corpus* is quashed as prayed, and the petitioner remanded to the custody of the respondent warden.

· *Petitioner remanded.*