(No. 34025.—

HERBERT GLENN, Appellant, *vs*. THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed September 25, 1956.*

MOORE, MING & LEIGHTON, of Chicago, (GEORGE N. LEIGHTON, of counsel,) for appellant.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, EDWIN A. STRUGALA, IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, WILLIAM L. CARLIN, and DAVID C. LEE, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

On November 20, 1952, Herbert Glenn, hereinafter called appellant, was found guilty in the criminal court of Cook County under an indictment charging him with the crime against nature, and was sentenced to serve a term of five to twenty years in the Illinois State Penitentiary. The court appointed counsel on his behalf and he waived jury trial, entered a plea of not guilty, and was tried before the court. On January 27, 1956, he filed, in the original criminal case, a motion in the nature of a writ of error *coram nobis* under section 72 of the Civil Practice Act, (Ill. Rev. Stat. 1955, chap. 110, par. 72,) asking that the judgment of conviction be vacated

on the ground that he was insane at the time of the commission of the alleged offense and therefore incapable of committing any crime against the laws of the State of Illinois. (Ill. Rev. Stat. 1955, chap. 38, par. 592.) The People moved to dismiss the motion upon the grounds hereinafter considered. The motion to dismiss was sustained by order of the court entered on January 27, 1956. On February 3, 1956, appellant filed a motion to vacate the order of January 27 on the ground that the court, in entering that order, had misinterpreted and misapplied the applicable provisions of the Criminal Code, and that the effect of the order was to deny full faith and credit to the judgment of a sister State, contrary to the provisions of the constitutions of the United States and the State of Illinois. The question of the competency of court appointed counsel is not raised in this proceeding.

On February 15, 1956, the court, after hearing, entered an order denying the motion to vacate. Appellant appealed directly to this court from both orders, on the ground that a constitutional question is involved. (*People* v. *Humphreys,* 353 Ill. 340; *People* v. *McGurn,* 341 Ill. 632.) He further contended that under the decisions of this court, his motion, filed in the criminal action involving a crime above the grade of a misdemeanor, which under our former practice was in the nature of a writ of error, continued the identity of the cause as a criminal case, and that the orders entered therein are directly reviewable. We are in accord with appellant's contention in this respect. (*People* v. *Quidd,* 409 Ill. 137; *Schroers* v. *People,* 399 Ill. 428.) However, we must observe that the proceedings under the petition or motion are not a continuation of the original proceeding. Ill. Rev. Stat. 1955, chap. 110, par. 72(2).

The record here presented for our consideration, consisting of the common-law record in the original criminal

proceeding, motions filed, and orders entered in the later proceeding under section 72 of the Civil Practice Act, is inadequate in many respects.

The motion to vacate the judgment of conviction alleged that appellant was arrested in the city of Chicago on September 30, 1951, and later indicted for the crime against nature allegedly committed on that date upon the person of Cecil Powell, a member of the male sex; that the complaining witness was the mother of Cecil Powell; that on October 31, 1951, the Public Defender was appointed to represent appellant and a Behavior Clinic examination was ordered; that on November 9, 1951, a jury found appellant insane and an order was entered committing the appellant to the Illinois Security Hospital, which provided among other things that upon a future finding of sanity appellant was to be returned to Cook County to stand trial under the indictment which was then stricken with leave to reinstate; that appellant was brought back for trial, and on September 30, 1952, the criminal case was reinstated and a Behavior Clinic report again ordered; that the cause was thereafter continued, and that on November 20, 1952, a jury was empaneled to determine the sanity of appellant; that the jury returned a verdict finding appellant to be sane, after which, on the same date, appellant was arraigned, entered a plea of not guilty and waived jury trial; that a trial was then held before the court resulting in the finding of guilty and sentence; that on and prior to September 30, 1951, (the date of the alleged offense,) and at all times during the proceedings in the criminal cause, appellant was insane; that appellant had been adjudicated and determined to be insane by order of the superior court of the county of Spokane in the State of Washington, a court of competent jurisdiction, on October 1, 1948, as evidenced by a certified copy of the order of his commitment by that court to the Eastern State Hospital, Medical Lake, Washington, attached to the motion; that on Octo-

ber 5, 1950, appellant was transferred to the Veterans Administration Hospital, American Lake, Washington, from which he left about February 1, 1951; that there had been no subsequent adjudication or determination that appellant was sane up to and including the date of the alleged offense; that appellant's legal incompetency to commit a crime on September 30, 1951, was not properly brought before the court; that because of appellant's insanity the court lacked jurisdiction to enter the judgment of conviction; and that had his insanity at the time of the alleged crime been brought to the attention of the court, the court would not have entered the judgment of conviction against him.

The People urged the dismissal of the motion to vacate on the grounds that (1) appellant's motion showed on its face that it had not been filed within the time limited by section 72 of the Civil Practice Act; (2) that the matters presented by the motion were *res judicata*, as appellant had raised the identical issues in the criminal court under Post-Conviction Act proceedings on which he was given a full hearing on November 6, 1953; and (3) that the motion did not state a cause of action in that it showed on its face that appellant was adjudicated sane on November 20, 1952, prior to his trial, and therefore was then capable of asserting the defense of his insanity at the time of the commission of the crime, and that his failure to do so was due to his own negligence, no facts being alleged to show that he was in any way prevented from making that defense. Though the People have presented and argued the matter of the timeliness of the motion in their brief, this question was voluntarily abandoned in oral argument before the court and need not be considered. The question of *res judicata* apparently was not considered by the court below, formed no basis for its decision, and was not mentioned in the briefs or arguments for either party. The record is without reference to the hearing under the Post-Conviction Act, except that the People's motion contained

the bare allegation that such a hearing was held. Therefore that issue is not presented here. Attention will be given only to the third contention of the People.

The purpose of a petition or motion under section 72 of the Civil Practice Act is to bring before the court rendering the judgment matters of fact not appearing in the record, which, if known to the court at the time the judgment was entered, would have prevented its rendition. (*People* v. *Quidd,* 409 Ill. 137.) The error of fact which the writ may be employed to correct includes such matters as the death of one of the parties pending the suit and before judgment; infancy where the party was not properly represented by a guardian; coverture, where the common law disability still exists; insanity at the time of the trial; and a valid defense which existed in the facts of the case but which, without negligence on the part of the defendant, was not made, having been prevented through duress, fraud or by excusable mistake. (*People* v. *Quidd,* 409 Ill. 137, at page 140; *Schroers* v. *People,* 399 Ill. 428, at pages 434 and 435.) Though section 72 of the Civil Practice Act was amended in 1955, it is not suggested that the scope or purpose of its provisions was altered so far as a petition or motion in the nature of a writ of error *coram nobis* is concerned. Proceedings under the present section are governed by the rules and principles heretofore announced by this court subject to statutory provisions to the contrary. The petition or motion under the statute is the filing of a new action, civil in nature, and it is necessary, as in any civil case, that the petitioner allege and prove a right to the relief sought. (*People* v. *Samman,* 408 Ill. 549.) Where the motion fails to state a cause of action or shows on its face that the petitioner is not entitled to the relief sought, it is subject to a motion to dismiss. (*Thompson* v. *People,* 398 Ill. 366.) A motion to dismiss a motion in the nature of a writ of error *coram*

*nobis* admits the facts well pleaded just as in any civil case. *Schroers* v. *People,* 399 Ill. 428.

The admitted facts are that appellant was adjudged insane by order of the superior court of Spokane County in the State of Washington on October 1, 1948, and committed to a mental institution in that State; that there had been no subsequent adjudication of his sanity up to and including the date of the alleged offense on September 30, 1951; that on November 9, 1951, a hearing was had before a jury on the question of his sanity and the jury found he was then insane, after which he was committed to the Illinois Security Hospital; that on November 20, 1952, after his case had been reinstated in the criminal court, a hearing on the question of sanity was again held and the jury found he was then sane; thereafter he entered a plea of not guilty, waived jury trial, and was tried before the court, resulting in his conviction. It should be noted that no facts are stated to support the alleged conclusion that appellant was insane on September 30, 1951, (*Carrico* v. *Barker,* 411 Ill. 263; *Owens* v. *Green,* 400 Ill. 380; *Connett* v. *Winget,* 374 Ill. 531,) except the statement of his adjudication of insanity on October 1, 1948, and the lack of any adjudication of sanity between that date and September 30, 1951. In addition, the record before us affirmatively shows that appellant did not raise at his trial any question of his sanity at the time of the commission of the offense. These facts present for our immediate consideration the question of whether appellant's failure to raise the issue at his trial precludes him from doing so under section 72 of the Civil Practice Act, where the record shows that he was sane at the time of his trial.

Under the statute (Ill. Rev. Stat. 1955, chap. 38, par. 592,) when a preliminary hearing is ordered to determine a defendant's sanity, the inquiry is confined to a determination of his sanity at the time of the trial for the pur-

pose of determining whether he is capable of understanding the nature and object of the proceeding against him, of comprehending his own condition in reference to such proceeding, and of conducting his defense in a rational, reasonable manner. (Cf. *People* v. *Geary*, 298 Ill. 236.) His mental condition at the time of the commission of the crime is· foreign to the inquiry and becomes pertinent only when the accused is placed on trial for the alleged crime. (*People* v. *Lewis*, 2 Ill.2d 328; *People* v. *Gavrilovich*, 265 Ill. 11.) The defense of insanity at the time of the commission of the crime may be urged on the hearing of the cause, notwithstanding a finding of a jury that defendant was sane at the time the jury was empaneled. (*People* v. *Shaffer*, 400 Ill. 332; *People* v. *Reck*, 392 Ill. 311.) The defense of insanity at the time of the commission of the crime is an affirmative defense which it is incumbent on the defendant to raise during the trial. (*People* v. *Wagner*, 390 Ill. 384.) His failure to do so .waives that defense. (*Brown* v. *People*, 8 Ill.2d 540.) This is especially true where a defendant has submitted the issue of his sanity to a jury and a jury has found him sane at the time of the hearing. In *People* v. *Shaffer*, 400 Ill. 332, at page 335, this court stated: "The difficulty with the position of defendant on this point is that he had already submitted to a jury the question of his sanity, and the jury had found the defendant sane at the time of the hearing. To all intents and purposes at the time of the trial, the defendant was sane and was not precluded from raising the question of his sanity at the time of the commission of the crime as a defense to the charge."

In the case before us the motion alleges and the record shows that appellant at his request was afforded a hearing on the question of his sanity before his trial and that a jury found him to be sane. The common-law record presented here contains none of the testimony or evidence presented at that hearing, but it is not contended that it

was insufficient to support the verdict. Since he was sane at the time of his trial he was presumably capable of understanding the nature of the charge, co-operating with his counsel and making any defense available to him. There is nothing whatever in the record to suggest that he was prevented from making the defense through fraud, duress, mistake, or any lack of understanding of his rights; nor is there any allegation of incompetency, lack of diligence or co-operation on the part of his counsel. The responsibility of raising the question of the insanity of appellant was upon his counsel. *People* v. *Wagner,* 390 Ill. 384 at 386.

Had the facts of this case come before us on writ of error from the original judgment of conviction, we would have been bound to hold, under our earlier decisions, that the defense had been waived. (*Brown* v. *People,* 8 Ill.2d 540; *People* v. *Shaffer,* 400 Ill. 332.) There is no reason why the result should be otherwise on this appeal from the orders entered on the motion in the nature of a writ of error *coram nobis* under section 72 of the Civil Practice Act.

The appellant seeks to make a distinction between an adjudication of insanity and a plea of insanity and states that since he had been adjudicated insane in 1948 and there had been no adjudication of sanity up to the date of the alleged offense, it is immaterial that he failed to plead insanity or interpose the defense at his trial. We cannot agree. The duty to interpose the defense exists, whether it is founded upon an adjudication of insanity or upon a showing of facts and circumstances existing at the time of the commission of the alleged offense. The effect of an adjudication of insanity is to raise a presumption that the condition continues, and this presumption is rebuttable by evidence of sanity. (*People* v. *Samman,* 408 Ill. 549; *People* v. *Varecha,* 353 Ill. 52.) Even this rule is subject to the following qualifications; (1) that the insanity must be of a permanent type or continuing nature; and (2) that

too long a period of time must not be shown to have elapsed between the proved insanity and the time to which it is asserted that such insanity continues. (*People* v. *Samman,* 408 Ill. 549.) Thus, an adjudication of insanity is not of itself conclusive evidence that such condition exists at a subsequent time. The appellant's prior adjudication of insanity would have raised a presumption of his insanity had he made such defense at his trial, but even then such defense would have been subject to the above limitations and could have been overcome by evidence to the contrary. However, when the defense of such prior adjudication is not asserted by a defendant who is capable of making it and is not prevented in any way from so doing, or is not asserted by competent counsel, that defense is waived the same as any other defense which is not raised, and is based on known facts, circumstances and conditions existing at the time of the commission of the alleged crime.

Our conclusion in the case at bar finds support in the decision in the Circuit Court of Appeals, Seventh Circuit, in *United States ex rel. Samman* v. *Ragen,* 167 F.2d 543, wherein the appellant appealed to said court from the denial of his application for discharge on a writ of *habeas corpus.* He had been convicted and sentenced on a plea of guilty for armed robbery in the State of Illinois in 1931, within a few months after his adjudication of insanity by a California court, and thereafter had never been legally restored to sanity. In that case the court held that the adjudication of insanity by the California court could not be availed of by collateral attack on the judgment of conviction for armed robbery in Illinois, where that adjudication was not called to the attention of the Illinois court, and that the sanity or insanity of a person charged with the commission of a crime must be determined by a jury in the court where the cause is pending, and *certiorari* was denied by the Supreme Court of the United States. (335 U.S. 830.) In said case, as in the case at bar, the appellant contended that

the foreign adjudication of insanity was entitled to full faith and credit until superseded by the decree of a court of competent jurisdiction. At pages 545 and 546 of its opinion, the court stated: "We cannot agree with appellant as to the binding and conclusive effect of an adjudication of insanity. We have found no case, even at common law, holding that an adjudication of insanity in some other court, at some earlier time, could be set up by collateral proceeding where the earlier adjudication was not even called to the attention of the court. Nor do we find any case where such a prior adjudication was relied upon as conclusive proof of insanity either as of the time of the commission of the crime or of the trial thereof. In fact, the rule appears to be that a prior adjudication is only prima facie, and not conclusive evidence of criminal irresponsibility. See 7 A.L.R. Annotation, 568; 68 A.L.R. Annotation, 1310."

Assuming that the order of the superior court of Spokane County is entitled to full faith and credit, without limitation, in the courts of this State, which assumption is questionable, (28 Am. Jur. p. 670 and 671; 7 A.L.R. 568; 68 A.L.R. 1310; 102 A.L.R. 445,) that cannot relieve the appellant or his counsel of the duty of pleading that judgment in the proper proceeding here. On the record before this court, we are not justified in presuming that the insanity adjudication of the State of Washington was not considered by the trial court at the time of the sanity hearings. However, the record and pleadings affirmatively show that the appellant failed to assert the benefits of that decree in the trial in the original criminal proceeding, as required by the laws of this State.

It may well be argued that a denial of adequate opportunity to sustain a plea of insanity is a denial of the safeguard of due process within the scope of such clause of the United States and State constitutions. However, that is not the case before this court. That opportunity was offered and used by appellant in the hearings on the ques-

tion of his sanity at the time of the trial. After a jury of a court of competent jurisdiction found appellant to be sane, he stood trial, and neither he, nor his counsel, saw fit to raise the defense of insanity at the time of the commission of the crime. The record fails to disclose the facts and circumstances which led appellant and his counsel to this strategic move in presenting a defense to the indictment. However, a claim of denial of due process can hardly be predicated upon calculated defense strategy which in retrospect proved inadequate. (*United States* v. *Baldi,* 344 U.S. 561.) Thus the action of the trial court in this proceeding was not a denial of full faith and credit to the decree of the superior court of Spokane County.

The appellant places much emphasis on the fact that a jury in the criminal court found him to be insane on November 9, 1951. The only issue determined in that hearing was whether or not appellant was then sane and thereby capable of co-operating with his counsel and properly conducting his defense. (*People* v. *Lewis, 2* Ill.2d 328.) That finding was not a determination of his mental condition at the time of the commission of the alleged crime. Thereafter he was committed to the Illinois Security Hospital under an order that he should be returned for trial if he became sane. Subsequently the hospital authorities determined that appellant was sane and returned him to Cook County for trial. The adjudication of his sanity on November 20, 1952, confirms this view and establishes his sanity at the time of the trial. We cannot ascribe to the findings of the jury of November 9, 1951, any effect beyond the legal scope of that inquiry.

Throughout his argument appellant has relied upon *Schroers* v. *People,* 399 Ill. 428. In that case Schroers, who had pleaded guilty to an indictment for murder in 1923, filed a motion in the nature of a writ of error *coram nobis* in 1947 to vacate the judgment of conviction. This motion was supported by numerous affidavits concerning

his mental condition at the time of the offense and at the time of trial and thereafter. The principal contention of Schroers was that he was in such mental condition when the plea of guilty was entered that he did not understand the effect of his plea, or the defense of insanity which he might have interposed. A motion to dismiss the action was filed by the People and sustained by the trial court. This court reversed the judgment, holding that the facts stated in the affidavits showed that the mental condition of Schroers at the time of the trial was such as to render him incapable of conducting his defense; that such condition of insanity had continued, so that the action was properly filed, though more than five years had elapsed since his conviction; and that the motion stated a cause of action and should not have been dismissed. Thus, the *Schroers case* is distinguishable from the case at bar. In the *Schroers case* defendant had been afforded no hearing on the question of his sanity at the time of his trial, and his motion was supported by numerous affdavits to show that he was insane at that time and therefore incapable of urging the defense of insanity at the time of the commission of the crime. In the case at bar, appellant was afforded a sanity hearing at the time of his trial and, after a determination that he was sane, was presumably capable of interposing any defenses he might have. He alleges no facts whatever in his motion which would warrant any other conclusion.

Upon the record before us, we find that the orders of the criminal court of Cook County were correct, and they are therefore affirmed.

*Orders affirmed.*