THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD HINTON, Defendant-Appellant.

(No. 57761;

First District (4th Division)—May 9, 1973.

James J. Doherty, Public Defender, of Chicago, for appellant.

No brief filed for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Edward Hinton, was charged with a series of separate criminal offenses which occurred on May 21, 1967, including armed robbery and attempt murder. Defendant was found guilty by a jury on April 25, 1968, of four counts of attempt murder and four counts of

armed robbery. He was sentenced to the penitentiary to concurrent terms of 15 to 20 years and 40 to 60 years respectively.

In May, 1969, defendant was tried on other indictments arising from a series of separate offenses defendant allegedly committed on May 21, 1967. In this trial, defendant was found not guilty by reason of insanity.

While awaiting trial on the first series of indictments, defendant, on January 15, 1968, was transported from the Cook County jail to the Criminal Courts Building in Chicago, for a court appearance when he attempted to escape from custody and injured a Cook County deputy sheriff in the attempt. Defendant was charged with the offense of attempt escape. On April 15, 1968, after being admonished as to his rights by the court, defendant pleaded guilty to the charge and was sentenced to serve not less than four nor more than seven years in the Illinois State Penitentiary. No appeal was taken, but a post-conviction petition was subsequently filed by defendant *pro se*. An amended post-conviction petition was filed by counsel for defendant. On April 26, 1972, a hearing was held on the amended petition. After the hearing the trial court denied defendant's petition for post-conviction relief.

In the post-conviction petition defendant contended that since he was found guilty by reason of insanity on May 15, 1969, for certain offenses perpetrated on May 21, 1967, he could not be held criminally responsible for his conduct on January 15, 1968, when he attempted to escape from custody. The petition prayed for the vacation of the judgment entered on April 15, 1968, on defendant's guilty plea to the offense.

Defendant, represented by the Public Defender, filed a notice of appeal. The Public Defender now seeks to withdraw and has filed a brief in support of his motion to withdraw, pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396, stating that from a review of the record the only possible basis of appeal from the denial of the amended petition would be whether the court erred in finding that the petition did not state a constitutional claim. The Public Defender concludes that defendant's petition does not allege a deprivation of constitutional rights and the trial court's action in dismissing the petition does not justify an appeal.

The Public Defender served a copy of his motion for leave to withdraw upon the defendant prior to filing it. In addition, the defendant was notified by letter of the motion by this court. In it we gave the defendant until March 25, 1973, to file any additional information in support of his appeal. We informed him that after such date we would make a full examination of all the proceedings and that if we found that the appeal was frivolous, we would grant the Public Defender's motion and affirm the court's order without further appointment of counsel. Defendant failed to respond.

The record in the instant case reveals that defendant's claims in his post-conviction proceedings were:

"1. That defendant's conviction on his guilty plea of April 15, 1968, for attempt escape was unconstitutional because defendant was incompetent at the time he committed the offense. Defendant argues that the finding by a jury on May 15, 1969, that he was not guilty of certain of the offenses he committed on May 21, 1967, by reason of insanity and that he was also incompetent at the time the jury returned its verdict, demonstrated his incompetence to commit the offense of attempt escape on January 15, 1968. Defendant argues that to convict one who was incompetent at the time the offense was committed is violative of his constutional right to due process of law; and

2. That the failure of defendant's counsel to raise the issue of insanity before allowing defendant to enter a guilty plea to the charge of attempt escape was incompetence of counsel which deprived defendant of his constitutional right to counsel."

These very arguments were raised by defendant in his appeal to this court from the trial court's denial of his section 72 petition to vacate his convictions for armed robbery and attempt murder in his first jury trial on April 25, 1968. In affirming the denial of defendant's petition in that case (*People v. Hinton,* 132 Ill.App.2d 409, 270 N.E.2d 93), we held that an adjudication of insanity at the time of an offense is not an adjudication of incompetency to stand trial and that a subsequent adjudication of defendant as insane as to other crimes is not a fact that requires vacating a defendant's conviction of a totally different crime. We also found that where, as here, representation by counsel is not of such low caliber as to amount to no representation and to reduce the trial to a farce (*People v. Washington,* 41 Ill.2d 16, 241 N.E.2d 425), defendant was not denied his right to effective assistance of counsel.

The Illinois Supreme Court affirmed the decision in *People v. Hinton,* 52 Ill.2d 239, 287 N.E.2d 657, and held:

"One basic premise of defendant's argument is that the findings of the second jury constitute an adjudication that defendant was insane as a matter of law at the time of the commission of the crimes charged in indictment 4 [the first jury trial] and that such adjudication, by inverse application of the doctrine of *res judicata,* relates back to the time of the first trial and necessitates vacation of the judgment. In our opinion this argument is based on a misconception of the legal effect of the the second jury's findings. At the second trial defendant interposed the defense of insanity, and on that particular evidence presented to it the jury found him not guilty by reason of insanity as to the crimes charged in indict-

ments 3 and 5 [the second jury trial]. These findings, however, did not constitute an adjudication that as a matter of law he was insane at the time of commission of the separate crimes charged in indictment 4 which would operate to vitiate the earlier judgment of conviction on that indictment."

"[T]here has been no showing of any facts which raise a *bona fide* doubt of the defendant's ability to understand the nature of the charges against him and to cooperate with his counsel in conducting his defense. No contention is made that defendant was in any manner prevented from raising the defense of insanity through fraud, duress, excusable mistake, or any lack of understanding of his rights. (*Glenn v. People* (1956), 9 Ill.2d 335.) To the contrary, it is quite possible, as the trial court concluded, that since the trial on indictment 4 was the first of possibly five trials on separate charges which allegedly occurred within a two-hour period, the decision to start with an alibi defense at the first trial was a well reasoned strategic decision on the part of the defendant and his counsel. In our opinion neither the requirements of due process of law nor the purpose and scope of section 72 call for vacation of the judgment of conviction in the first trial, where the alibi defense failed him, simply because he succeeded in asserting an insanity defense at a subsequent trial on other charges."

In the instant case, our examination of the record reveals that the defendant was carefully admonished by the trial court as to the consequences of his guilty plea to the charge of attempt escape. He indicated that defendant's constitutional rights to due process and to counsel were not denied by the trial court's failure to allow him to raise a subsequent acquittal by reason of insanity as determinative of his capacity at the time of the attempted escape. We agree with the Public Defender that there is no merit to the instant appeal. The Public Defender's request for leave to withdraw as counsel for the defendant is granted and the judgment denying defendant's petition for post conviction relief is affirmed.

Affirmed.

BURMAN, P. J., and DIERINGER, J., concur.