(No. 18928.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE HART, Plaintiff in Error.

*Opinion filed December 20, 1928.*

LOUIS GREENBERG, GEORGE M. TEARNEY, and WILLIAM C. CONNOR, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error, George Hart, (hereafter called defendant,) was indicted, with others, in the criminal court of Cook county on July 12, 1922, for the crime of robbery. During August, 1922, he entered a plea of not guilty, and the cause was thereafter continued to the September term of court. On the 12th day of September, 1922, by agreement of the State's attorney, defendant and his counsel, the case was set for October 10, 1922. On the day the case was set for trial the cause was continued to November 8, and on that day counsel for defendant moved the court to grant him a separate trial, which motion was allowed. It is apparent from the abstract of the record that the indictment, which is not set out in the abstract, contained other counts than the one for robbery, for the abstract of the record shows that on motion of the State's attorney it was ordered that the charges, except as to the larceny count, be waived. The record shows, "And now, issue being joined, it is ordered that a jury come," etc. A jury was impaneled to try defendant for the crime, and after hearing the testimony returned a verdict as follows: "We, the jury, find the defendant, George Hart, guilty of larceny in manner and form as charged in the indictment, and we further find from the evidence the value of the property so stolen to be $2600, and we further find from the evidence that since the commission of said offense the defendant, George Hart, has become insane and is insane now, and we further find from the evidence that said defendant, George Hart, is now about the age of twenty-seven years." Thereupon the court entered judgment that defendant be committed to the Chester State Hospital at Menard, there to be safely kept until restored to his right mind and adjudged by the medical superintendent of said hospital and the board of commissioners of public charities a fit subject to be discharged. The record shows that after the judgment was

rendered defendant moved for a new trial and in arrest of judgment, which motions were overruled. There is no bill of exceptions in the record.

Defendant assigns as error that the court erred (1) in not arresting the judgment, and (2) in sentencing him to the Chester State Hospital.

Counsel for defendant contend that under section 13 of division 2 of the Criminal Code (Cahill's Stat. 1927, par. 622, p. 942,) a defendant cannot be placed on trial for the crime for which he is charged if he is insane at the time of trial; that a regular jury impaneled to try the case under a plea of not guilty cannot bring in a verdict finding the defendant became insane after the commission of the crime.

Sections 12 and 13 of division 2 of the Criminal Code (Cahill's Stat. 1927, p. 942,) are as follows:

"Sec. 12. A lunatic or insane person, without lucid intervals, shall not be found guilty of any crime or misdemeanor with which he may be charged: *Provided,* the act so charged as criminal shall have been committed in the condition of insanity. If, upon the trial of a person charged with crime, it shall appear from the evidence that the act was committed as charged, but that, at the time of committing the same, the person so charged was lunatic or insane, the jury shall so find by their verdict, and by their verdict shall further find whether such person has or has not entirely and permanently recovered from such lunacy or insanity; and in case the jury shall find such person has not entirely and permanently recovered from such lunacy or insanity, the court shall cause such person to be taken to a State hospital for the insane, and there kept in safety until he shall have fully and permanently recovered from such lunacy or insanity; but in case the jury shall find by their verdict that such person has entirely and permanently recovered from such lunacy or insanity, he shall be discharged from custody.

"Sec. 13. A person that becomes lunatic or insane after the commission of a crime or misdemeanor shall not be tried for the offense during the continuance of the lunacy or insanity. If, after the verdict of guilty, and before judgment pronounced, such person become lunatic or insane, then no judgment shall be given while such lunacy or insanity shall continue. And if, after judgment and before execution of the sentence, such person become lunatic or insane, then in case the punishment be capital, the execution thereof shall be stayed until the recovery of said person from the insanity or lunacy. In all of these cases, it shall be the duty of the court to impanel a jury to try the question whether the accused be, at the time of impaneling, insane or lunatic."

Section 13 provides that a person who has become insane after the commission of a crime shall not be tried for the crime during the continuance of the insanity, and the court is authorized to impanel a jury to try the question whether the accused be, at the time of impaneling the jury, insane or lunatic. In this case there was no intimation in the record that defendant was insane at the time of the trial or before that time. Defendant had counsel and made motions before the trial just as a sane defendant would do, and there was no intimation by defendant or his counsel that he claimed to be insane, or would endeavor to prove he was insane when the crime was committed or had subsequently become insane. The court could not, as a matter of fact, know or be presumed to know that the defendant, when placed on trial, would claim to have become insane since the crime was committed, unless he and his counsel brought that information to the court's attention before the trial was entered upon. Here neither court nor counsel appears to have had any information or thought that defendant would claim he had become insane since the commission of the crime.

While the statute provides that a person who has become insane since the commission of a crime shall not be

tried for the crime, yet the court is authorized to impanel a jury to try the question whether he is then insane. The duty and responsibility of raising the question whether the defendant was insane at the time of the trial rests upon him and his counsel. It is not the duty of the court, upon his own responsibility, without any request or intimation that defendant will claim he is then insane, to impanel a jury to try that question. If that were the law it would greatly interfere with the administration of criminal justice. If at the time of the trial the defendant or his counsel claims he is then insane the statute affords him an opportunity to try that question without trying him for the commission of the crime, but he and his counsel cannot, before the trial is entered upon, be permitted to go to trial for the crime without availing themselves of the remedies afforded by the statute. This trial was entered upon as any other trial in a criminal court would be. Defendant was arraigned August 7, 1922, and the trial was delayed by motions made by defendant's counsel until November 8, when the State's attorney waived all counts of the indictment except the larceny count, a jury was impaneled and trial then had on a plea of not guilty. During all that time there was no intimation by defendant or his counsel that he was insane. The jury found he was guilty but had become insane since the crime was committed and was then insane. The evidence is not preserved in the bill of exceptions and we must assume the jury's verdict was in accordance with the evidence. The verdict itself is the first intimation the record contains that defendant was insane. We are warranted in the assumption that the defense interposed at the trial was insanity when the crime was committed. From the verdict it would seem the evidence did not sustain that defense but did show defendant had since the commission of the crime become, and was then, insane. We do not think a defendant in a criminal case can be permitted to conceal any claim of insanity at the time of the trial, go to trial

without objections, and if the jury find from the evidence that he was sane at the time the crime was committed but had since become insane, then insist on a reversal of the judgment because the statute provides an insane person can not be tried for a crime while his insanity lasts. The statute is not self-executing but affords a defendant remedies which he must seek to avail himself of. He cannot submit to a trial upon the question of his guilt or innocence of a crime, invite the verdict of a jury on that question, and after the verdict is returned then claim he was insane at the time of the trial and should not have been tried for the crime. In other words, a party to a suit cannot invite and be responsible for error and then complain of it.

In this case the jury found the defendant guilty of the crime of larceny in manner and form as charged in the indictment, found the value of the property to be $2600 and defendant to be of the age of twenty-seven years. The verdict further found he had become insane since he committed the crime and is insane now. The record does not show that the question whether defendant was sane at the time of the trial was an issue submitted to the jury. The only issue submitted to the jury was his guilt or innocence of the larceny as charged in the indictment. As the issue whether defendant was sane or insane at the time of the trial was not submitted to the jury, the verdict finding that he was insane at the time of the trial was not responsive to any issue submitted and that part of the verdict was void, as that issue was not submitted to the jury. In our opinion the judgment of the court should have disregarded the finding that he was insane now, and he should have been sentenced to the penitentiary on the verdict of the jury finding that he was guilty of the crime charged. The judgment of the court disregarded the finding of guilt by the jury and sentenced defendant to the Chester State Hospital at Menard instead of to the penitentiary. As the case went to the jury on a plea of not guilty to the charge, the court

should have disregarded the finding of the jury that defendant was insane at the time of the trial and should have sentenced him on the finding of the jury that he was guilty in manner and form as charged in the indictment.

The judgment is therefore reversed and the cause remanded to the criminal court of Cook county, with directions to enter a proper judgment and sentence on the finding of the jury that defendant was guilty in manner and form as charged in the indictment.

*Reversed and remanded, with directions.*