Casimer Jablonski, Appellant, v. People of State of Illinois, Appellee.

Gen. No. 43,764.

Opinion filed February 5, 1947. Released for publication February 21, 1947.

Paul E. Thurlow, of Chicago, for appellant.

WILLIAM J. TUOHY, State's Attorney, for appellee; EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, JOSEPH A. POPE, and C. D. PEMBERTON, Assistant State's Attorneys, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This proceeding is in the nature of a writ of error *coram nobis* (Sec. 72 C. P. A.) to set aside the conviction of plaintiff of robbery with a gun. The States Attorney made a motion to dismiss, which was sustained by the trial court. Plaintiff has appealed.

The petition of Casimer Jablonski, whom we shall call defendant, was filed February 13, 1946. It was presented by Sophie Jablonski, his "sister and next friend." It appears from the petition that defendant is imprisoned in the State Penetentiary at Joliet; that on December 7, 1928 the Municipal Court of Chicago on petition for determination of his mental condition, caused defendant to be examined by two physicians; that the physicians reported that he was feeble minded and the court so decreed; that defendant was committed to a Colony for Feeble Minded persons by order of the court and that on December 14, 1928 he was admitted to the Colony; that on June 15, 1929 he escaped and that on December 28, 1931 was arrested and thereafter indicted and tried for robbery while armed; that at the time he had not, and has never, been judicially restored to reason; that when he pleaded to the indictment he was incapable mentally of doing so; that his disability was not called to the attention of the court; and that at the time Sophie Jablonski was but 7 years of age and could not bring the matter to the attention of the court. The petition prayed that the judgment sentencing defendant to the penetentiary be recalled, annulled and set aside. The petition was verified by Sophie Jablonski.

The proceeding was proper for the purpose. *People v. Ogbin,* 368 Ill. 173. The material issues made by

the State's motion are, whether Sophie Jablonski is a proper person to present the petition; whether the motion states sufficient facts from which we can infer a *prima facie* right as to the relief prayed; and whether the motion is timely.

The general rule seems to be that the writ of error *coram nobis* will issue only at the instance of a party to the record or of one in privity with him, or of one injured by the judgment. 2 R. C. L. p. 309. We have found no cases stating this rule in which feeble-minded persons were nominal petitioners. *People v. Nakielay,* 279 Ill. App. 387, cited by the State is not such a case. There the accused was not feeble minded or insane and the petition was in the name of a relative who was held by the court to be a stranger to the proceeding. The instant petition is in the name of the defendant by his "sister and next friend". Under the State's motion we must assume defendant is a feeble-minded person incapable of managing his affairs. *People v. Varecha,* 353 Ill. 52. Having been adjudged feeble minded and no guardian having been appointed, as he was committed to a State Hospital (Chap. 23, Par. 354, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 77.083]), the petition would of necessity have to be presented by someone appointed to represent him as his next friend. *Isle v. Cranby,* 199 Ill. 39; 28 Am. Jur. 748. The trial court had discretion to appoint Sophie Jablonski to represent defendant in presenting his petition, or to appoint another person for that purpose. In this case we think it would be an abuse of discretion if the petition were dismissed on the ground that Sophie Jablonski was not a proper party to present it.

We believe the petition sufficiently alleged that defendant was feeble minded at the time of the trial. The Municipal Court of Chicago had jurisdiction to enter the decree. Chap. 23, Par. 348, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 77.077]. Its decree was

as conclusive and binding as that of any other court. *People v. Varecha.* Allowing due advantage to the defendant under the State's motion, we take the feeble-mindedness to be of the character defined by the Statute which is only slightly different from insanity. *People v. Varecha.* We presume also that the feeble-mindedness existed at the time of the trial, (*People v. Varecha*) which was about 3 years after the decree. Because we infer that the feeble-mindedness of defendant was of the character that rendered him incapable of managing himself and his affairs, (Chap. 23, Par. 346, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 77.075]), the same general rules, applicable to an insane person, apply to him. *People v. Varecha.* We must accordingly assume that had the fact appeared at the trial, it would have precluded the defendant's conviction. Chap. 38, Par. 592, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 37.553]. This brings us to the conclusion that the petition made out a *prima facie* case for the relief prayed.

The points raised by the State bearing upon the negligence of the defendant in not raising the question of his feeble-mindedness at the time of the trial, to which point the State cited *People v. Hart,* 333 Ill. 169, is a matter of defense. So, also, is the question whether someone other than Sophie Jablonski could have brought the matter to the court's attention. The same is true of the degree of defendant's mental incompetency at the time of trial.

On the question of the timeliness of the petition, we believe the law which authorizes the proceeding answers the State's contention. The petition was not presented until nearly sixteen years after the judgment. Defendant's continuing disability, however, prevented the running of the five year limitation within which the petition is required to be presented. Section 72, Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 196; Jones Ill. Stats. Ann. 104.072].

For the reasons given the judgment of the Criminal Court is reversed and the cause is remanded with directions to that court to deny the State's motion and order it to plead; and to proceed to a hearing upon the issues made by the pleadings. Puterbaugh's Common Law Pleading and Practice, 10 Ed. Chap. 24, Secs. 845 and 846.

*Reversed and remanded with directions.*

LEWE, P. J., and BURKE, J., concur.