(No. 37187.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM BENDER, Plaintiff in Error.

*Opinion filed February 1, 1963.—Rehearing denied March 27, 1963.*

174

D. A. McGrady, of Gillespie, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Paul C. Verticchio, State's Attorney, of Carlinville, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

The defendant, William Bender, was tried by jury in the circuit court of Macoupin County in 1954 and convicted of the crime of armed robbery. In 1960, we reversed the judgment of the trial court because of prejudicial errors at a pretrial sanity hearing. (*People* v. *Bender,* 20 Ill.2d 45.) A new trial was held in 1961 and the defendant was again convicted. The case is now here on a writ of error issued to review the second judgment of conviction.

The principal issue on this writ of error, as it was before, is the sanity of the defendant at the time he was placed on trial, although neither counsel for the defendant nor the State devote much attention in their briefs to this issue. In fact, counsel for the defendant argues principally

that the State failed to prove that the defendant was sane at the time of the *crime,* and seems to insist that the question of defendant's sanity at the time of his second trial was not in issue. The State admits that it is proper to inquire as to the defendant's sanity at the time of his second trial but contends that there was no indication that the defendant was insane at that time.

The rule is that where, before or during the trial, facts are brought to the attention of the court, either by suggestion of counsel or the State, or by the court's own observation, which raise a *bona fide* doubt of the defendant's present sanity, a duty devolves upon the court to cause a sanity hearing to be held, and this is true even if counsel does not raise or argue the point in the trial court. *People* v. *Burson,* 11 Ill.2d 360.

The defendant testified at the second trial that he had only a hazy recollection of his first trial. When he was asked whether he had told the State's Attorney at the second trial that he was fairer than the State's Attorney at the first trial, he denied making that statement. The State's Attorney read numerous questions and answers from the record of the first trial and the defendant denied having any recollection of this testimony.

Dr. Groves Smith, a psychiatrist, testified at the defendant's first trial that he was not sane at that time. (See *People* v. *Bender,* 20 Ill.2d 45, 49-51.) At the second trial, the examination of the doctor was principally directed to the question of whether the defendant was insane at the time of the crime. The doctor testified that it was his opinion that the defendant was not a normal person for a period of about six months prior to his first trial but was unable to give a definite opinion as to the defendant's sanity at the time of the crime. On cross-examination, the doctor was asked whether he had an opinion as to the defendant's present sanity. Defense counsel objected, and the court sustained the objection on the ground that the

question was outside the scope of the direct examination. The court indicated, however, that it might be his duty to inquire, outside the presence of the jury, as to the defendant's present mental condition. The court then permitted the State to call the doctor as its own witness out of the presence of the jury. The court indicated that he was concerned, not with the defendant's ability to stand trial, but with the question of the form of the jury's verdict. The court felt that if the jury returned a verdict finding the defendant not guilty because he was insane at the time of the crime, the jury should also determine whether the defendant had recovered his sanity. The doctor then testified, outside the presence of the jury, that he had not examined the defendant for about six years and had to base his opinion on the prison records. These records showed that the defendant had passed through periods where he was quite disturbed and had shown an inability to conform. Based on these records the doctor stated that the present sanity of the defendant was a fact which should be determined by the court in view of the fact that there was still confusion in the defendant's statements. The doctor said that the defendant had recovered judgment, but the degree of that recovery was for the court to decide. He was asked whether the fact that the defendant denied recalling his testimony at the prior trial had a bearing on his opinion. The doctor replied that in his opinion, this indicated that "we are right back where we started". In the light of the doctor's testimony that the defendant's mental condition at the first trial was such that he could not co-operate with counsel, this remark indicates that the doctor felt that the same condition existed at the time of the second trial. However, when he was asked the direct question of whether the defendant's mental condition at the time of the second trial was the same as his condition at the first trial, he stated that it was not. After this hearing outside the presence of the jury, the doctor then repeated substantially the same

testimony before the jury, except that he added that the defendant's present character showed a changeableness which was characteristic of his behavior from the time the doctor first saw him prior to the first trial. The doctor then said "the frequency of this changing attitude has made us question his ability to adequately give the facts that would enable his counsel to give adequate consideration as far as his welfare is concerned because they don't know what to think when one day he says one thing and the next day says another."

In our opinion this testimony was clearly sufficient to raise a *bona fide* doubt as to the defendant's present ability to co-operate with counsel. The court should have ordered a sanity hearing before another jury, rather than proceeding with the trial, in spite of the fact that counsel did not request such a hearing and contended that the defendant's present sanity was not in issue. The court's failure to do so constituted reversible error. The judgment of the circuit court of Macoupin County must therefore be reversed and the cause remanded for a new trial.

*Reversed and remanded.*