(No. 40012.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM H. MCDOWELL, JR., Plaintiff in Error.

*Opinion filed March 29, 1967.—Rehearing denied May 16, 1967.*

WILLIAM H. MCDOWELL, JR., *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

This appeal, in which the defendant, William H. McDowell, Jr., appears *pro se*, presents the question of the constitutional sufficiency of a jury hearing and finding which retrospectively judged the sanity of the defendant as of dates approximately eight years prior to the hearing and finding.

The defendant was charged with the crime of armed robbery in 1958. On his plea of guilty he was sentenced by the circuit court of Jackson County to imprisonment for a term of 25 to 40 years under the Habitual Criminal Act. Ill. Rev. Stat. 1957, chap. 38, par. 603.1 *et seq.*

This matter initially came before this court in *McDowell v. People,* 33 Ill.2d 121, after defendant's petition in the nature of a writ of error *coram nobis* under section 72 of the Civil Practice Act, and in which he also sought relief under the Post-Conviction Hearing Act, had been denied after a hearing by the circuit court of Jackson County. In his petition McDowell had claimed that he was not sane at the time he waived indictment and appeared for pleading and that his constitutional rights had been violated because the court had failed to hold a sanity hearing before it accepted his plea of guilty.

Pursuant to McDowell's petition a hearing had been held before the circuit court and evidence offered which revealed an extensive history of anti-social behavior and mental illness of the defendant. The circuit court after

hearing the evidence held that the defendant had been sane at the time of pleading and denied the petition.

We held this to have been error. We said that the court should not have ruled on the question of defendant's sanity but rather should have ruled on the question whether facts existed which required a sanity hearing.

We further stated that it is established that when before or during trial facts are brought to the court's attention which raise a *bona fide* doubt of the defendant's sanity it becomes the duty of the court to impanel a jury to determine the defendant's competency to stand trial. (*People* v. *Robinson,* 22 Ill.2d 162; *People* v. *Burson,* 11 Ill.2d 360; *People* v. *Richeson,* 24 Ill.2d 182.) We also held that if such facts existed before or during trial and the trial court was not aware of these facts, a petition in the nature of a writ of error *coram nobis* pursuant to section 72 of the Civil Practice Act was the appropriate means for the defendant to seek to have the court consider whether a *bona fide* doubt of his sanity existed. *People* v. *Anderson,* 31 Ill.2d 262.

We reversed the judgment of the circuit court and the cause was remanded so that the circuit court could determine whether such doubt had existed as required the impaneling of a jury to determine the issue of defendant's sanity.

Upon remand the State's Attorney and the defendant's counsel stipulated that there was sufficient evidence in the record to raise a *bona fide* doubt as to defendant's competency at the time his plea of guilty was entered in the original cause. On the basis of this stipulation the trial court thereafter impaneled a jury to determine the defendant's competency at the time of his plea of guilty. It appears that the record of the proceedings of defendant's 1963 postconviction hearing was read to the jury and that thereafter he was found by the jury to have been competent on June

24, 1958, and June 26, 1958, which were the dates of his waiver of indictment and the entry of his plea of guilty in the original cause.

Following the return of this verdict, the defendant again petitioned the circuit court of Jackson County and argued that this court in *McDowell* v. *People*, 33 Ill.2d 121, had not directed a sanity hearing to be held but rather directed that a hearing be held by the court to determine whether sufficient facts existed which, had they been known to the trial court at the time of defendant's waiver and plea, would have raised a *bona fide* doubt so as to require a sanity hearing. Defendant further contended that the appropriate remedy for him was not a hearing to determine his sanity as of the time of his waiver and plea, but rather the setting aside of the judgment of conviction, with the State to have the option of seeking a new trial. Before the court had ruled, the defendant invited the court's attention to *Pate* v. *Robinson*, 383 U.S. 375, 15 L. Ed. 2d 815, which had been decided in the interim. The court denied the post-verdict motion and the defendant now appeals from this denial. The State's position is that the defendant has been given the remedy that this court prescribed and that the *Robinson* case is distinguishable from the present case.

We do not find it necessary to pass on the defendant's contention that the trial court erred in not following literally the direction of this court in 33 Ill.2d 121, as we believe the authority of *Pate* v. *Robinson*, 383 U.S. 375, *People* v. *Thompson*, 36 Ill.2d 332, and *People* v. *McLain, ante*. p. 173, requires that a new trial be granted.

In the *Robinson* case it was urged, by the State, that where subsequent to the original trial it was determined that a *bona fide* doubt as to the defendant's sanity had existed and that a sanity hearing should have been held, a limited hearing to determine the defendant's competence retrospectively, *viz.*, as of the time of his original trial,

would have been sufficient to satisfy the defendant's constitutional rights of due process. The Supreme Court of the United States in rejecting this argument said in part: "It has been pressed upon us that it would be sufficient for the state court to hold a limited hearing as to Robinson's mental competence at the time he was tried in 1959. If he were found competent, the judgment against him would stand. But we have previously emphasized the difficulty of retrospectively determining an accused's competence to stand trial. (*Dusky* v. *United States,* (1960) 362 U.S. 402, 4 L. Ed. 2d 824.) The jury would not be able to observe the subject of their inquiry, and expert witnesses would have to testify solely from information contained in the printed record. That Robinson's hearing would be held six years after the fact aggravates these difficulties." 383 U.S. at 387.

We followed this reasoning in the recently decided cases of *People* v. *Thompson,* 36 Ill.2d 332, and again in *People* v. *McLain, ante.* p. 173, when in each case we ordered that a new trial be granted because a limited hearing would not satisfy the defendant's rights, due to passage of time and the inherent difficulty of retrospectively determining a defendant's sanity.

In the present case there was, too, a long interval between the defendant's trial and the hearing to determine his competency. The defendant was tried in June of 1958 and did not receive a hearing to determine his competency to stand trial until February 1966, almost eight years after the trial. The difficulties previously recognized by the *Robinson* court and this court in retrospectively determining a defendant's sanity exist here. The principal evidence offered at defendant's sanity hearing, upon which the jury determined the defendant's sanity at the time of his trial, was the report of prior proceedings. Under these circumstances, a limited hearing to determine the defendant's sanity was not constitutionally meaningful.

We, therefore, reverse the ruling of the circuit court

which denied defendant's motion, reverse the circuit court of Jackson County's judgment of conviction on the defendant's plea of guilty and remand the cause for a new trial.

*Reversed and remanded.*