(No. 39837.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CHARLES PRIDGEN, Appellant.

*Opinion filed May 18, 1967.*

WARD, J., took no part.

JAMES T. DOUGHERTY, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and CARL M. WALSH, Assistant State's Attorneys, of counsel, for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

In 1959 Charles Pridgen was charged in the circuit court of Cook County with the crime of burglary, was tried by the court and sentenced to the penitentiary for a term of 20 to 30 years. In May of 1963 the defendant filed a *pro se* petition seeking relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1961, chap. 38, par. 826, *et seq.*,) contending that his constitutional rights had been violated in that the facts alleged in his petition raised a *bona fide* doubt as to his sanity at the time of trial, that the said facts were known to the trial judge, and that he was entitled to a sanity hearing. Specifically, the facts alleged in his unverified petition were that he was suffering from amnesia at the time of the trial as a result of a recent gunshot wound in the head and had been unable to recall any of the events surrounding the alleged crime for which he was to be tried, and was unable to lend any assistance to his defense counsel in the preparation of his defense. The People filed a motion to dismiss defendant's petition stating that he had not properly raised any constitutional question and that defendant's petition contained unsubstantiated allegations. Attached to this motion were memoranda of the court's orders in the defendant's trial, a copy of the Behavior Clinic report, the trial transcript, and a copy of the defendant's Cook County jail record. The judge granted the motion to dismiss and said that he had read the entire record and remembered the case as he presided at the trial and had made extensive inquiry as to defendant's competency to stand trial. Defendant appeals directly to this court from

the action of the trial court in dismissing his post-conviction petition.

On the day of the trial defendant's counsel stated to the trial judge that the defendant was unable to remember anything about this and other alleged crimes and therefore was unable to co-operate with counsel in his defense and requested the court to impanel a jury to determine the defendant's present sanity. Defendant does not claim that he was insane or unable to co-operate with counsel at the time of the trial other than that he was suffering from amnesia as a result of a gunshot wound and therefore could not recall anything about the alleged crime nor could he lend assistance to his defense counsel in the preparation of his defense. Defense counsel, an assistant public defender, at that time stated that the defendant had been unable to tell him anything that might help in the preparation of a defense, because the defendant said that he had no personal knowledge of the offense. The trial judge had received a recent Behavior Clinic report made by a Dr. Haines which stated that Dr. Haines had examined the defendant in the Cook County jail and that the defendant answered questions adequately on all subjects except the alleged offense; that defendant had never been in a civil mental institution, but that defendant claimed there was a period of about ten days he could not remember because of amnesia. The doctor's diagnosis was "Character disorder. He knows the nature of the charge and is able to co-operate with counsel."

The defendant testified in response to questions by defense counsel, an assistant State's Attorney, and the trial judge and said that he had been shot in the head since the date of the offense and had undergone an operation for the removal of a bullet from his brain. He testified that he could not remember anything concerning the alleged offense. However, he did answer questions as to events both before and after the offense. After a colloquy between the attorneys and the judge, the trial judge said that he was satis-

fied that the defendant was able to co-operate with counsel based upon his observations of the defendant and the Behavior Clinic report. The judge also said that he was satisfied that what the defendant was saying was not true and that "the defendant seems to be able to remember what he wants to remember when he thinks it will help him." His conclusion was that the defendant was making a bare allegation to the effect that he was not mentally able to co-operate and that there was no necessity for a sanity hearing. Thereafter the defendant tendered a plea of guilty which the court refused and the defendant entered a plea of not guilty and waived his right of trial by jury.

It is clear that the defendant is entitled to a sanity hearing on the issue of his competency to stand trial if facts have been presented to the court which raise a *bona fide* doubt of defendant's sanity. (*Pate* v. *Robinson,* 383 U.S. 375, 15 L. Ed. 2d 815; *McDowell* v. *People,* 33 Ill.2d 121; *People* v. *Burson,* 11 Ill.2d 360; *Brown* v. *People,* 8 Ill.2d 540.) Nevertheless, it is within the discretion of the trial judge to decide whether the facts and circumstances raise a *bona fide* doubt of the defendant's sanity so as to require a hearing. *People* v. *Milligan,* 28 Ill.2d 203; *People* v. *Baker,* 26 Ill.2d 484.

We conclude that the trial court did not abuse its discretion in denying a sanity hearing and that the same judge did not err in dismissing the defendant's petition under the Post-Conviction Hearing Act. The only matters brought before the trial judge and alleged in the post-conviction petition were the defendant's own statements that because of the injury to his head he was suffering from amnesia and could not recall anything about the alleged burglary and the statement of the assistant public defender that the defendant was unable to give him any information that might help in the preparation of a defense. Thus the sanity hearing was requested upon nothing more than these self-serving and unsupported statements. In *People* v. *Lego,* 32

Ill.2d 76, we held that a self-serving note by the defendant which stated, "I feel I am not competent to stand trial due to the fact that I suffer from black-out spells,". was not sufficient to create a *bona fide* doubt as to defendant's sanity and the same result must obtain here. Because we feel that sufficient evidence was not presented to the trial court to raise a *bona fide* doubt of defendant's sanity, it is unnecessary to consider the veiled contention that amnesia is a form of insanity within the meaning of the law.

The judgment of the circuit court of Cook County denying the petition for a hearing under the Post-Conviction Hearing Act is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.