(No. 38417.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOSEPH BORTNYAK, Appellant.

*Opinion filed May 29, 1968.*

WARD, J., took no part.

PRENTICE H. MARSHALL, of Champaign, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and HOWARD LEVINE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant, Joseph Bortnyak, then 27 years of age, was convicted of murder on August 27, 1947, by a jury in the circuit court of Cook County and sentenced to life imprisonment. He now seeks to have the judgment vacated and the cause remanded for a hearing to determine his competence to stand trial.

On August 11, 1947, one week after indictment, the then Public Defender of Cook County, who had been appointed to represent defendant, moved for the appointment of three psychiatrists to examine the defendant. The motion recited that the public defender had interviewed defendant and believed him to be suffering from a mental illness and that defendant should be examined to determine his sanity. The motion was denied. Two additional oral motions filed on successive days were allowed, granting relief that defendant be examined by the Cook County Behavior Clinic on a question of sanity. The result of the examination was not made a part of the record.

On March 24, 1949, the defendant prayed for a free transcript of proceedings, and again on May 23, 1951, alleging that he was indigent. Both were denied. On February 11, 1957, following the decision in *Griffin* v. *Illinois,* 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585, upon motion of counsel an order was entered under our Rule 65—1(a) directing that a transcript of the trial proceedings be furnished. No report of proceedings was prepared because the two reporters who reported the trial had died. Strenuous efforts were made by defendant's present counsel, appointed in 1964, to find someone who could transcribe the notes of E. M. Allen and Gerald Healy, but without success. The question of total unavailability of a complete record because of the death of the reporter is not raised as in *People* v. *Norvell,* 25 Ill.2d 169, affirmed by the Supreme Court of the United States in *Norvell* v. *Illinois,* 373 U.S. 420, 10 L. Ed. 2d 456, 83 S. Ct. 1366. Rather, it is suggested

that because of the absence of a transcript significant circumstances are not available for review by this court.

Our attention is directed to the partial record which shows that the defendant had recently committed a crime with psychiatric overtones, that his trial counsel believed defendant was suffering from a "mental illness," that the trial court twice ordered the defendant examined, and that trial counsel tendered an instruction based upon the defense of insanity in another case less than four weeks prior to the time of this trial. Counsel forthrightly concedes that none of the foregoing circumstances alone has been held by this court to be sufficient to raise a *bona fide* doubt as to defendant's competence to stand trial, but he asserts that in their totality they show that defendant's counsel (and perhaps the court) did entertain doubts as to the sanity of defendant.

Counsel for defendant correctly states our view that a formal motion for a pretrial sanity hearing need not always be made to raise the issue. "When, before or during the trial, facts are brought to the attention of the court, either by way of suggestion of counsel or the State, or by its own observation, which raise a *bona fide* doubt of the defendant's present sanity, a duty devolves upon the court to then cause a sanity hearing to be held as provided by law." (*People* v. *Burson*, 11 Ill.2d 360, 370.) It is further conceded that under *Pate* v. *Robinson*, 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836, *People* v. *Bender*, 27 Ill.2d 173, and *Burson*, retrospective inquiries into a defendant's competence at a time many years in the past cannot be made, but it is contended that this does not foreclose meaningful inquiry. This argument is grounded upon *People* v. *Anderson*, 31 Ill.2d 262, and *McDowell* v. *People*, 33 Ill.2d 121, where we reviewed dismissal of petitions in the nature of writ of error *coram nobis* and reversed and remanded for determination whether "facts were present which, had they been known to the trial court, would have raised a *bona fide* doubt as to

defendant's sanity." (33 Ill.2d 121, 124.) Counsel then concludes on the basis of *People* v. *McDowell,* 37 Ill.2d 258, that if the inquiry is answered in the affirmative, the trial court should set the judgment aside and grant a new trial. In this second *McDowell* case it was stipulated that there was sufficient evidence in the record to raise a *bona fide* doubt as to competency. These are ingenuous arguments. They are, in effect, similar to those advanced in *Norvell* because any really meaningful further inquiry is foreclosed by the absence of a record of proceedings.

It was within the discretion of the trial judge to decide whether the facts and circumstances raised a *bona fide* doubt of the defendant's sanity so as to require a hearing. (*People* v. *Pridgen,* 37 Ill.2d 295.) There was no request for a sanity hearing and we think the trial judge was justified in finding there was no *bona fide* doubt of defendant's sanity. This view is predicated largely on additions to the record after the filing of defendant's brief. Upon motion of the People, to which defendant made no objection, an order was entered by this court authorizing the filing of a supplemental record with respect to a 1947 psychiatric examination of the defendant, and it has now been filed. The supplemental record contains the following from the files of the Behavior Clinic. Judge Harold Ward's order of August 12, 1947, provided that Dr. William H. Haines of the Behavior Clinic or one of his authorized assistants examine the defendant as to his mental condition and report. Dr. Haines transmitted a summary report in triplicate by letter to Judge Ward on August 19, one for his use and one each for the State's Attorney and defense counsel. Thereafter Dr. Haines was subpoenaed and testified. There is no transcript of his testimony, but his notes read:

"I testified before His Honor Judge Harold G. Ward, Chief Justice of the Criminal court, that in my opinion Joseph Bortnyak was suffering from chronic alcoholism,

that he knew the nature of the charge and was able to co-operate with his counsel.

"The social history was not admitted as evidence, or any statement that the defendant made regarding his condition. The question of sanity was not tried.

"Prosecutors Healy and Grant represented the State's Attorney's office and Public Defenders McCurrie and Getty represented the defendant."

The extensive report submitted to the court by the Behavior Clinic concluded with the diagnosis of Dr. Haines: "Chronic alcoholism, with borderline intelligence. This patient does not classify under the Criminal Sexual Psychopath law. He knows the nature of the charge and is able to cooperate with his counsel."

The report substantiated the diagnosis and the written conclusion of Dr. Haines prepared at the time of the examination and amply justifies the court's conclusion that there was no *bona fide* doubt of defendant's sanity.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.